UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

TIMOTHY GERALD BIDDIX,
    *Defendant-Appellant.*

No. 00-4162

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-52)

Submitted: December 18, 2002

Decided: January 14, 2003

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Sandra B. Jelovsek, Johnson City, Tennessee, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Biddix appeals his jury conviction and resulting sentence for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000). Finding no error, we affirm.

On appeal, Biddix contends the district court gave the jury a coercive *Allen v. United States*, 164 U.S. 492 (1896), charge. Because Biddix failed to object at trial, we review for plain error. *See United States v. Olano*, 507 U.S. 725 (1993). Because we conclude from the materials before us that the *Allen* charge was not coercive, we find no plain error.

Biddix also challenges the sufficiency of the evidence to support his conviction. Construing the evidence in the light most favorable to the Government, we find a reasonable trier of fact could have found Biddix guilty beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). Uncorroborated testimony of accomplices may be sufficient to sustain a conviction, *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997), and we do not assess the credibility of witnesses on appeal. *See Glasser*, 315 U.S. at 80.

Finally, Biddix contends his 126-month sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Biddix contends all drug quantities or other sentencing enhancement factors must be charged in the indictment. Because Biddix's sentence is below the 240-month statutory maximum, this argument is foreclosed by *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Accordingly, we affirm Biddix's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*